UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMBER LEE G.,[1] <br>     *Plaintiff*, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br>     *Defendant*. | 3:23-cv-1401 (SVN) <br><br><br><br><br><br> March 3, 2025 |

**RULING ON PLAINTIFF'S MOTION TO REVERSE OR REMAND AND DEFENDANT'S MOTION TO AFFIRM DECISION OF COMMISSIONER**

Sarala V. Nagala, United States District Judge.

Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Social Security Income under Title XVI of the Social Security Act, alleging a disability beginning April 1, 2021.[2] Plaintiff appeals the decision of an Administrative Law Judge ("ALJ") finding that she has not been under a disability during the relevant period. Specifically, Plaintiff argues that the ALJ erred in his Residual Functional Capacity ("RFC") analysis by not properly weighing the medical opinion of a primary care provider. The Commissioner moves for affirmance of the ALJ's decision. For the following reasons, Plaintiff's motion to reverse, or in the alternative, remand, is DENIED, and the Commissioner's motion to affirm the decision of the Commissioner is GRANTED.

---

[1] In opinions issued in cases filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in order to protect the privacy interest of social security litigants while maintaining public access to judicial records, this Court will identify and reference any non-government party solely by first name and last initial. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

[2] *See* Tr., ECF No. 11 at 27 (explaining that Plaintiff's application was amended to allege a disability beginning April 1, 2021).

I.     BACKGROUND

The Court will assume the parties' familiarity with Plaintiff's medical history, as summarized in her statement of facts, ECF No. 17-1, which the Commissioner adopts and supplements, ECF No. 21-1, and which the Court adopts and incorporates by reference. The Court will also assume familiarity with the five sequential steps used in the analysis of disability claims, the ALJ's opinion, and the record. The Court will only cite portions of the record and the legal standards necessary to explain its decision.

II.    STANDARD OF REVIEW

It is well-settled that a district court will reverse the decision of the Commissioner as to whether a claimant is disabled only when it is based upon legal error or when it is not supported by substantial evidence in the record. *See, e.g.*, *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015) (*per curiam*); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).

"In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (internal quotation marks and citation omitted). Under this standard of review, "absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently." *Campbell v. Astrue*, 596 F. Supp. 2d 446, 448 (D. Conn. 2009). The court must therefore "defer to the

Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), and reject the Commissioner's findings of fact only "if a reasonable factfinder would *have to conclude otherwise*," *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original).  Stated simply, "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian*, 708 F.3d at 417.

## III.    DISCUSSION

Plaintiff's challenge of the ALJ's decision rests entirely on one ground:  that the ALJ, when determining Plaintiff's RFC, erred by finding unpersuasive a May 27, 2022, opinion of Plaintiff's primary care provider, Physician's Assistant (PA) Patrick McAree.  *See* Pl.'s Br., ECF No. 17-1 at 6.  Plaintiff argues that this error alone renders the ALJ's determination without substantial evidence.  Accordingly, Plaintiff has waived any argument as to other aspects of the ALJ's decision. *See Vilardi v. Astrue*, 447 F. App'x 271, 272 n.2 (2d Cir. 2012) (summary order) (holding that issues not raised on appeal are deemed waived); *see also* Def.'s Br., ECF No. 21-1 at 6 n.6.  Thus, the Court focuses its inquiry solely on the ground challenged by Plaintiff and holds that the ALJ did not err in his evaluation.

If an ALJ has found that an impairment is not *per se* disabling in step three, he must proceed to determining the claimant's "residual functional capacity."  20 C.F.R. §§ 404.1505(a); 416.920(a)(4)(iv).  The RFC is "the most you can still do despite your limitations." *Id.* §§ 404.1545(a), 416.945(a).  That RFC is then compared to the claimant's past work and to other work the claimant may be able to perform.  *Id.* §§ 404.1505(a); 416.920(a)(4)(iv) & (v).

An RFC finding is "administrative in nature, not medical, and its determination is within the province of the ALJ."  *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary order); *see also* 20 C.F.R. § 404.1527(d)(2).  In making this determination, the ALJ

3

must consider all relevant medical and other evidence, including any statements about what the claimant can still do provided by any medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Moreover, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the [Commissioner], and not this court, to weigh the conflicting evidence in the record."); *Henderson v. O'Malley*, No. 23-712-cv, 2024 WL 1270768, at *2 (2d Cir. 2024) (summary order). As a result, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

An ALJ need not defer or give any special weight to any particular medical opinion. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ is charged with evaluating a number of factors in determining the weight to give an opinion. *Id.* §§ 404.1520c(b), 416.920c(b). The two most important factors are the opinion's consistency and the opinion's supportability. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). In terms of supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). As for consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

Here, the ALJ, in determining Plaintiff's RFC, found that Plaintiff could perform light work with certain limitations. *See* Tr. at 34. In reaching this conclusion, the ALJ found unpersuasive a May 7, 2022, opinion by PA McAree that opined that Plaintiff was incapable of

even low stress work, would be absent from work more than four days per month, could occasionally lift ten pounds, could never lift twenty or more pounds, and could never perform any postural movements other than frequent twisting and occasional climbing of stairs. *See id*. at 38 (analyzing opinion at Tr. 1680–82).

The Court concludes that the ALJ properly weighed PA McAree's May 27, 2022, opinion by analyzing both the supportability and the consistency of PA McAree's statements in light of other evidence on the record, such that the ALJ's decision is supported by substantial evidence.

First, the ALJ properly considered the supportability of PA McAree's opinion, finding that PA McAree did not sufficiently explain and support it. Plaintiff's attack on the ALJ's mention of PA McAree's check-the-box format is to no avail. While "there is no rule that the evidentiary weight of a treating physician's medical opinion can be discounted by an ALJ based on the naked fact that it was provided in a check-box form," an ALJ can permissibly "discount a treating physician's opinion—regardless of its form—if it is not supported by substantial evidence in the record." *Schillo*, 31 F.4th at 77 (cleaned up). Plaintiff argues that the ALJ erred in discounting PA McAree's opinion "simply because his supporting treatment notes were not wholly explained in his check-box opinion." Pl.'s Reply Br., ECF No. 22 at 1; *see also* Pl.'s Br., ECF No. 17-1 at 8–9. But Plaintiff's characterization of the ALJ's opinion is misleading. The ALJ considered the check-the-box format of PA McAree's opinion, but his assessment of the (un)persuasiveness of the opinion did not hinge on format alone. Instead, the ALJ's identification of PA McAree's formatting buttressed his more general point that PA McAree's opinion was not sufficiently explained and supported and was significantly limited in how it identified its rationale. *See* Tr. 38.

Where PA McAree did endeavor to provide support for his opinion, the ALJ found such support unpersuasive. For instance, PA McAree cited a recent cervical spine MRI showing a disc herniation and a 2019 RMG that demonstrated cervical radiculopathy (which pre-dates the relevant period for Plaintiff's application) for support for his decision. But the ALJ found that PA McAree failed to acknowledge the more recent 2022 NCV/EMG nerve conduction study that showed no abnormalities. The ALJ also found that PA McAree failed to reference or otherwise grapple with the many portions of the record that contained physical examinations that showed normal strength and normal sensation. The ALJ's evaluation of "the objective medical evidence and supporting explanations" presented by PA McAree, then, was reasonable and was performed as required by regulation. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Moreover, as mentioned below, the ALJ evaluated PA McAree's opinion in light of certain treatment notes from PA McAree himself that arguably cut against his May 27, 2022, opinion. In this way, the ALJ reasonably assessed the supportability of PA McAree's opinion.

Next, the ALJ properly considered the consistency of PA McAree's opinion in the context of the rest of the record by considering portions of the record that were inconsistent with PA McAree's opinion, including PA McAree's own previous findings. The ALJ's consistency analysis of PA McAree's opinion includes numerous citations to other portions of the record that the ALJ found to show evidence of normal strength, normal range of motion, normal sensation, and normal gait without tenderness or atrophy. Tr. at 38 (citing Tr. exhibits 7F; 8F, 1; 10F, 9; 13F, 5-6; 14F, 4, 25, 45). For example, the ALJ cites to Ex. 10F, which contains PA McAree's notes from an October 12, 2021, exam in which he noted that Plaintiff had normal physical examination findings, including that she did not appear to be in any apparent distress, had full strength in her upper and lower extremities, and presented no focal deficits on neurological examination. Tr. at

6

1486. The apparent tension between these notes and PA McAree's later 2022 opinion lends support to the ALJ's determination that the latter opinion is not persuasive. Similarly, the ALJ also cites to examination notes by orthopedic surgeon Dr. Ferreira, who noted a negative nerve conduction study in 2022. Tr. at 38 (citing to Ex. 14F, 4). In short, in concluding that PA McAree's opinion was not fully consistent with the medical evidence in the record, the ALJ effectively marshaled analysis of other portions of the record to support his conclusion.

Additionally, the ALJ's broader RFC analysis, beyond the paragraph specifically analyzing PA McAree's opinion, also fulsomely analyzed other portions of the record that lend support to the ALJ's RFC finding. The ALJ, for example, found generally persuasive a September 6, 2021, consultative examination by APRN Robin Bansal that the ALJ found to show that Plaintiff retained normal range of motion and sensation without tenderness and was able to perform special gait maneuvers. Tr. at 37. Moreover, the ALJ considered that in January 2022, Plaintiff represented that she started a new job and found that this employment suggested that Plaintiff believed herself capable of work activity. *Id.* at 36.

Plaintiff's counterarguments are to no avail. Plaintiff argues that other aspects of the record are, contrary to the ALJ's assertions, actually consistent with PA McAree's opinion. Plaintiff, for example, argues that the ALJ failed to consider certain findings by Dr. Ferreira (Ex. 9F, 4–5; Tr. 1474–75), Dr. Alessi (Ex. 14F, 46; Tr. 1626), and Dr. Kwo (Tr. 95). The Court notes that the ALJ considered opinions like those of Dr. Ferreira and Dr. Alessi elsewhere in the decision such as, for example, in the context of the ALJ's step two analysis. *See* Tr. at 30. And, as discussed above, the ALJ's identification of instances of normal physical examination findings and the 2022 nerve testing that did not suggest abnormalities, are such that the Court cannot conclude that a reasonable fact finder would *have* to find otherwise on this issue. *See Brault*, 683 F.3d at 448.

The ALJ's weighing of PA McAree's opinion, especially in the context of the ALJ's broader RFC analysis, is rooted in analysis of Plaintiff's medical history. Accordingly, the Court concludes that the ALJ "explain[ed] how [he] considered the supportability and consistency factors" in evaluating PA McAree's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). While Plaintiff disagrees with the ALJ's discounting of PA McAree's opinion as unpersuasive, the Court simply cannot conclude that the ALJ's finding was not supported by substantial evidence. Indeed, the Court's conclusion on this issue is in line with its prerogative to "defer to the Commissioner's resolution of conflicting evidence." *Cage*, 692 F.3d at 122.

## IV.  CONCLUSION

For the reasons described herein, Plaintiff's motion to reverse or remand is DENIED and Defendant's motion to affirm the Commissioner's decision is GRANTED.

The Clerk of Court is directed to enter judgment for Defendant and close the case.

**SO ORDERED** at Hartford, Connecticut, this 3rd day of March, 2025.

    */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE